IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANGEL GIBSON,<br><br>    Plaintiff,<br><br>v.<br><br>MALONE SOLUTIONS AND MATERIAL IN MOTION,<br><br>    Defendants. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Angel Gibson ("Plaintiff" or "Ms. Gibson"), by and through undersigned counsel, and files her Complaint for Damages against Defendants Malone Solutions and Material in Motion ("Defendant"), and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages for Defendants' violation of her rights under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.* ("ADA").

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 12117.

3.

Defendants do business in this judicial district. Additionally, the unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff timely filed a charge of discrimination against Defendants with the Equal Employment Opportunity Commission ("EEOC") on June 9, 2021.

5.

On September 16, 2021, Plaintiff requested that the EEOC issue the "Notice of Right to Sue" on her Charges of Discrimination against Defendant Malone (Charge No. 410-2021-07084) and Defendant Materials (Charge No. 410-2021-07085).

6.

This action is being commenced within ninety (90) days of Plaintiff's

request for the "Notice of Right to Sue."

## PARTIES

7.

Plaintiff is a female citizen of the United States of America and is subject to the jurisdiction of this Court.

8.

Defendants are licensed to conduct business in this district.

9.

Defendant Malone Solutions ("Defendant Malone") is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

10.

At all such times, Plaintiff was an "employee" of Defendant Malone as defined under the ADA at 42 U.S.C. § 12111(4).

11.

During all times relevant hereto, Defendant Malone had employed fifteen (15) or more employees for the requisite duration under the ADA. Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

12.

When Defendant Malone assigned Ms. Gibson to work at Materials in Motion, Defendant Malone and Defendant Materials in Motion ("Defendant Materials") assumed a joint-employer relationship as to Ms. Gibson.

13.

Defendant Malone Solutions ("Defendant Malone") is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

14.

At all such times, Plaintiff was an "employee" of Defendant Materials as defined under the ADA at 42 U.S.C. § 12111(4).

15.

During all times relevant hereto, Defendant Materials had employed fifteen (15) or more employees for the requisite duration under the ADA. Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

**FACTUAL ALLEGATIONS**

16.

Defendant Malone Solutions hired Ms. Gibson in or about October 2020 and placed her to work as an Assembly Line Worker at Defendant Materials in Motion.

17.

In early February 2021, Defendant Materials changed Ms. Gibson's schedule to weekends. As a result, she was moved to a different department.

18.

In August 2017, Ms. Gibson was in a bad car accident that caused extensive injuries to her back, resulting in three herniated discs in the lumbar region.

19.

As a result, Ms. Gibson developed a disability related to her back that would intermittently flare up.

20.

When Defendant Materials moved Ms. Gibson to the new department in February 2021, her new job duties included moving hard drives.

21.

The repeated pulling, pushing and lifting exacerbated Ms. Gibson's disability.

22.

On or about April 4, 2021, Ms. Gibson notified her supervisor at Defendant Materials of her disability.

23.

Ms. Gibson was told to clock out and go to HR.

24.

Ms. Gibson explained the situation to HR for Defendant Materials and requested a reasonable accommodation, i.e., a potion that did not require the pulling, pushing and lifting of heavy objects.

25.

HR had Ms. Gibson to write a statement and had her sign an non-disclosure agreement before instructing her not to return to work without a note from her doctor.

26.

On April 14, 2021, Ms. Gibson provided a letter to Defendant Malone from her medical provider requesting restricted duties as an accommodation of her disability, including limits on, "any lifting, pulling, or placing large/heavy items."

27.

Ms. Gibson received a text from Tabatha Heard, HR for Defendant Malone Solutions on April 16, 2021, acknowledging Ms. Gibson's request and asking for clarification on the weight restriction.

28.

In the text, Ms. Heard also told Ms. Gibson that "the letter has to state you are able to return to work without any restrictions."

29.

When Ms. Gibson attempted to explain to Ms. Heard that she was able to perform the duties that she had been with an accommodation, Ms. Heard responded, "you will not be able to return to any department without a letter from your Dr stating you are able to work without any restrictions." [sic]

30.

Ms. Gibson was told her contract was ended, effectively terminating her employment as a result of her result for a reasonable accommodation of her disability.

31.

But for Ms. Gibson's disability status and her request for an accommodation of the same (i.e. restricted duties limiting pushing, pulling and lifting), she would not have been terminated.

32.

Defendants terminated Ms. Gibson's employment on April 16, 2021, less than two weeks after receiving notice of Plaintiff's disability and request for a reasonable accommodation for the same.

33.

Defendants failed to engage in the interactive process with Ms. Gibson regarding her request for a reasonable accommodation, even though doing so would not have been an undue hardship.

34.

Defendants terminated Plaintiff because she had a record of a disability and/or because it regarded her as disabled and/or because she engaged in protective activity and/or because she was entitled to the protections of the ADA.

35.

Employees outside of her protected class, i.e. employees who were not disabled and/or did not request a reasonable accommodation, were treated differently, i.e. not terminated.

36.

Defendants did not terminate Plaintiff because her requests presented any actual undue hardship, but rather due to the financial greed of the company.

## CLAIMS FOR RELIEF

## COUNT I:  DISABILITY DISCRIMINATION IN VIOLATION OF ADA

37.

Plaintiff reincorporates by reference paragraphs 16-36.

38.

Plaintiff had a physical impairment which limited one or more major life activities.

39.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

40.

Defendants were aware of Plaintiff's disability.

41.

Defendants regarded Plaintiff as having a disability such that she is a person with a disability and/or perceived disability within the meaning of the ADA, as amended.

42.

Plaintiff has a record of having a disability and/or perceived disability such that she is a person with a disability within the meaning of the ADA, as amended.

43.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

44.

Defendants terminated Plaintiff's employment because of her disability, perceived disability, or record of having a disability.

45.

By terminating Plaintiff's employment because of her disability, perceived disability, or record of having a disability, Defendants violated the ADA, as amended.

46.

Although Defendants purport to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text for disability discrimination.

47.

Defendants treated other employees outside Plaintiff's protected class differently.

48.

Defendants' actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of this violation of

the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.*, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

49.

Defendants have willfully and wantonly disregarded Plaintiff's rights, and Defendants' discrimination against Plaintiff was undertaken in bad faith.

50.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

51.

As a direct and proximate result Defendants' violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

52.

As a result of Defendants' discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

53.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

54.

Defendants discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

55.

Plaintiff thus seeks compensatory and punitive damages pursuant to change to ADA

**COUNT II:  FAILURE TO ACCOMMODATE IN VIOLATION OF ADA**

56.

Plaintiff reincorporates by reference paragraphs 16-36.

57.

Plaintiff had a physical impairment which limited one or more major life

activities.

58.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

59.

Defendants were aware of Plaintiff's disability.

60.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

61.

Plaintiff was able to perform the essential functions of her job with a reasonable accommodation.

62.

Plaintiff requested that Defendants accommodate her disability by providing her with restricted job duties related to pushing, pulling, or lifting heavy objects.

63.

Upon receiving Plaintiff's request for an accommodation, Defendants failed to engage in the interactive process with Plaintiff regarding her request for a reasonable accommodation of her disability.

64.

Defendants refused to provide Plaintiff with reasonable accommodations, even though to do so would not impose an undue hardship.

65.

By refusing to accommodate Plaintiff, Defendants violated the ADA, as amended.

66.

Defendants have willfully and wantonly disregarded Plaintiff's rights, and Defendants' failure to accommodate Plaintiff's disability was undertaken in bad faith.

67.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and has otherwise adversely affected her status as an employee because of her disability.

68.

As a direct and proximate result Defendants' violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

69.

As a result of Defendants' discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

70.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

71.

Defendants discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

72.

Plaintiff thus seeks compensatory and punitive damages pursuant to ADA

## COUNT III:  RETALIATION IN VIOLATION OF THE ADA, AS AMENDED

73.

Plaintiff reincorporates by reference paragraphs 16-36.

74.

Plaintiff had a physical impairment which limited one or more major life activities.

75.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

76.

Defendants were aware of Plaintiff's disability.

77.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

78.

Defendants terminated Plaintiff for requesting an accommodation for her disability and/or perceived disability.

79.

Plaintiff's request for an accommodation of her disability and/or perceived disability constitutes protected conduct under the ADA, as amended.

80.

Defendants retaliated against Plaintiff by terminating her employment on the basis of her request for an accommodation.

81.

Defendants terminated Plaintiff's employment within a close temporal proximity to Plaintiff's accommodation requests.

82.

Defendants' proffered reasons for terminating Plaintiff's employment are a pretext designed to hide Defendants' retaliatory motive.

83.

Defendants' retaliatory actions against Plaintiff were in violation of the ADA, as amended.

84.

Defendants willfully and wantonly disregarded Plaintiff's rights, and Defendants' retaliation against Plaintiff was undertaken in bad faith.

85.

As a result of Defendants' retaliatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

86.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

87.

Defendants discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

88.

Plaintiff thus seeks compensatory and punitive damages pursuant to 42 U.S.C. § 12111 *et seq.*

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a) General damages for mental and emotional suffering caused by Defendants' misconduct;

(b) Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendants have violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendants from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

Respectfully submitted the 15th day of October, 2021.

                                          **BARRETT & FARAHANY**

                                           s/ *Adian R. Miller*
                                          Adian R. Miller
                                          Georgia Bar No. 794647

                                          *Attorney for Angel Gibson*

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
adian@justiceatwork.com